The complaint herein sought the aid of the court to hold that plaintiffs and the tenants in 633-18th Avenue "have a perpetual easement in and upon the lands and premises of the defendants for the purpose of hanging their clotheslines from the respective apartments at 633-18th Avenue * * * to the clothes poles located on the premises of the defendants at 631-18th Avenue." Upon defendants' motion to dismiss the complaint under Rule 3:12-2, the court treated the motion as one for summary judgment underRule 3:56-2 and entered judgment for defendants. The present appeal is from that judgment. *Page 428 
The plaintiffs are the owners of a three story, multiple family, dwelling house at 633-18th Avenue, Newark. The building occupies the width of the 25 foot lot at the front and extends back to within 13 feet of the rear line. Defendants are the owners of a three story, multiple family, dwelling house at 631-18th Avenue. The building at 631 occupies the width of its lot but does not extend so far to the rear and has a rear yard upwards of 30 feet deep. Title to the two properties was in a common owner, one Klubert, from 1915 to 1938, thereafter in her executor and trustee until 1948 when title to both properties passed to plaintiffs. On the date when plaintiffs took title to Nos. 633 and 631, they conveyed No. 631 to the defendants, the deed reserving no easement to the grantor.
In Blumberg v. Weiss, 129 N.J. Eq. 34 (E. A. 1941), it was held, on the authority of Toothe v. Bryce, 50 Id. 589
(Ch. 1892), that an implied reservation of a quasi-easement is not raised by implication, except possibly in a case of strict necessity and that it is incumbent upon a grantor, if he would reserve an easement, to do so by express provision in the deed. In an illuminating footnote in Walsh, Commentaries on the Law ofReal Property, § 237, it is said that strict necessity "means only that the open and continuous user for the benefit of the parcel retained must be so valuable and useful to its enjoyment as to remove all reasonable doubt that the parties intended the easement to arise, but if a reasonable doubt exists the easement will not be implied in favor of the grantor, though it would be so implied in the grantee's favor if the user was for the benefit of the parcel conveyed, applying the rule of construction that in cases of doubt the presumption is in favor of the grantee in either case." The affidavits submitted by plaintiffs fall far short of dispelling all reasonable doubt that the parties intended to reserve an easement. At most they show inconvenience and do not show that the user is so valuable and useful as to remove all reasonable doubt that the creation of an easement was intended.
The judgment is affirmed. *Page 429